Dear Mayor Clark:
This office is in receipt of your opinion request wherein you made the following inquiries:
 1) Does the use of a magnetized decal satisfy the requirements of Louisiana Revised Statute 49:121, which regulates the demarcation of public vehicles belonging to the state or its political subdivisions?
 2) If magnetized decals do meet the requirements of Louisiana Revised Statute 49:121, can the Town of Walker include in its ordinances a prohibition against the use of magnetic decals?
 3) Can the Town of Walker create a penalty provision in its town ordinance related to La.R.S. 49:121, which does not provide any penalty provisions[1] for a violation?
La. Revised Statute 49:121 provides in pertinent part that every vehicle belonging to the state or any of its-political subdivisions shall have inscribed, painted, decaled, or stenciled conspicuously thereon the name of the board, commission, department, agency, or subdivision of the state to which the vehicle belongs.
La. Revised Statue 1:3 states in relevant part that words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.
The following are definitions obtained from Merriam-Webster Online Dictionary:
 1. Inscribe: To write, engrave, or paint as a lasting record;
 2. Paint: To apply color, paint or pigment to; *Page 2 
 3. Decal: A picture, design, or label made to be transferred (as to glass) from specially prepared paper;
 4. Stenciled: To mark or paint with a stencil[2].
Inscribe, paint, decal, and stencil all imply that the name of the political subdivision to which the vehicle belongs is applied directly to the surface of the vehicle. There is no indication in the definitions of these words that there is any obstruction (such as a decal attached to a magnet) between the surface of the vehicle and the letters, which make up the name of the political subdivision.
Taking into account the common and approved usage of the language contained in La.R.S. 49:121, it is the opinion of this office that a magnet bearing the name of a particular political entity does not satisfy the requirements set forth in the aforementioned statute.
Further, La.R.S. 49:121 (E) provides an exemption for vehicles used in crime prevention and detection and similar investigative work. In Op.Atty.Gen., No. 94-423 we opined that if a state vehicle is used in crime prevention and or detection, then it is exempt from placing the required state license and decals.
Question two is moot since it is the opinion of this office that a magnet does not satisfy the requirements of the statute.
La.R.S. 49:121 (G) provides in relevant part that the head of any department who operates or orders, requests, or permits any employee under his control or supervision to operate any publicly owned land vehicle not marked in accordance with the provision of this Section shall be guilty of a violation therof; each day upon which such a violation is committed shall be considered a separate offense.
La.R.S. 49:123 provides that whoever violates any provision of this Part[3] shall be fined not less than twenty-five dollars nor more than fifty dollars for each such violation.
La.R.S. 49:123 provides a penalty for a violation of La.R.S. 49:121. Therefore, question three presents an issue that is moot since Mayor Clark was under the impression that there was no penalty provision for La.R.S. 49:121.
In conclusion, it is the opinion of this office that magnetized decals do not meet the requirements set forth in La.R.S. 49:121 for the demarcation of vehicles *Page 3 
owned by public entities. The issues contained in questions two and three are moot because of the opinion of this office and La.R.S.49:123, respectively.
It is our continuing desire to lend aid to the public servants of the state such as yourself, Mayor Clark, and we pray that the foregoing Opinion has been responsive to your question, of value, and helpful.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 DAVID A. WEILBAECHER
 ASSISTANT ATTORNEY GENERAL
 DW/md/mbw
[1] Penalty Provision for La. R.S 49:121 is provided in La.R.S. 123.
[2] an impervious material (as a sheet of paper, thin wax, or woven fabric) perforated with lettering or a design through which a substance (as ink, paint, or metallic powder) is forced onto a surface to be printed
[3] Part VI. Identification of Property